**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

KENNETH R. HEDDLESTEN,    )
    )
        Plaintiff,    )
    )    **Case No. CIV-11-1352-F**
    )
JUDGE RICHARD G. VAN DYCK,    )
et al,    )
    )
        Defendants.    )

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 1983 alleging various violations of his constitutional rights.  United States District Judge Stephen P. Friot has referred this action to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Currently before the Court are the following motions: Motion to Dismiss and Brief in Support by Nita Newport (Newport's Motion to Dismiss) [Doc. No. 27]; Defendants Van Dyck, Stephens, Biggs, Burns, Brown and Sanders' Motion T[o] Dismiss and Brief in Support (Defendants' Motion to Dismiss) [Doc. No. 44]; Plaintiff's Motion for Summary Judg[]ment [Doc. No. 60]; Motion to Quash Plaintiff's Non-party Subpoena to Assistant Attorney General Sandra Balzer [Doc. No. 74]; two "motions to supplement" filed by Plaintiff [Doc. Nos. 75, 84]; and Plaintiff's Motion for Appointment of Counsel [Doc. No. 83].  All of the motions are now at issue and ready for disposition.

In his three-count complaint, Plaintiff alleges violation of due process, prejudicial and malicious prosecution, and violation of his right to a fair trial. Plaintiff names the following Defendants: Richard Van Dyck, Caddo County District Judge; Scott Biggs,

Assistant District Attorney, Caddo County; David Stephens[1], Caddo County Associate District Judge; Tess Brown, presentence investigator with the pardon and parole office in Caddo County; Dannie [2] Sanders, agent for the Oklahoma State Bureau of Investigation (OSBI); Nita Newport, employee of the Oklahoma Department of Human Services; and Bret Burns, District Attorney for District 6, Chickasha, Oklahoma.[3]  All of the responses and replies filed herein have been considered in making this Report and Recommendation, including Plaintiff's motions to supplement, [Doc. Nos. 75, 84], which are hereby granted.

## BACKGROUND

Plaintiff and his wife had legal guardianship of his wife's two nieces, both minors. Complaint, Doc. No. 1, p. 4. Plaintiff alleges that in 2008, there was an accusation that he had inappropriately touched one of the girls. *Id.*  Plaintiff further alleges that he was charged with child sexual abuse in Case No. CF-2009-51, District Court of Caddo County.  *Id.* at 5. The docket sheet for the case number Plaintiff references shows that on February 10, 2010, he pleaded guilty to two counts of child sexual abuse, and received a sentence of thirty years imprisonment on Count 1 and a thirty-year suspended sentence of imprisonment on Count 2, to run consecutively to the sentence on Count 1. On Demand Court Records, Electronic Docket for Case No. CF-2009-51,

---

[1]Plaintiff incorrectly spells this Defendant's name as "Stevens."

[2]Incorrectly spelled in the complaint as "Danny."

[3]On August 10, 2012, Plaintiff voluntarily dismissed four other Defendants: Todd Anthony, Lance Compton, Phillip Smith, and Phillip Paxton. [Doc. Nos. 77, 79].

District Court of Caddo County. At the time this civil rights action was filed, a habeas corpus petition attacking Plaintiff's conviction was also pending in this Court. Case No. CIV-11-430-M. However, Plaintiff has since moved to dismiss that partially exhausted habeas action so he could pursue available state court remedies; his motion was granted and the action was dismissed without prejudice on September 25, 2012. Case No. CIV-11-430-M (Doc. No. 41).

### STANDARD GOVERNING MOTIONS TO DISMISS

In order to overcome a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that there must be sufficient factual evidence for the court to infer that a defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). The court does not weigh evidence; rather, it assesses a plaintiff's complaint to see if the "complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

### STANDING

Before turning to the merits of the pending dispositive motions, the undersigned notes that Plaintiff appears to seek relief herein on behalf of both himself and his wife, the latter of which is not a party to this proceeding. *E.g.* Complaint, Doc. No. 1, p. 10. To the extent Plaintiff is attempting to seek relief for his wife, he does not have standing to do so. *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (In general, a party

3

"must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties."); *Flast v. Cohen*, 392 U.S. 83, 99 n. 20 (1968) ("[A] general standing limitation imposed by federal courts is that a litigant will ordinarily not be permitted to assert the rights of absent third parties.") Here, Plaintiff has not shown that his wife is unable to assert her claims directly. The undersigned finds that to the extent Plaintiff has attempted to bring claims against Defendants on behalf of his wife, those claims should be dismissed without prejudice. 28 U.S.C. § 1915A(b) (on review court shall dismiss any portion of the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted); *see Johnson v. Miller*, 387 Fed. Appx.  832, 837, 2010 WL 2696818 *5 (10th Cir. July 8, 2010) (inmate lacked standing to assert § 1983 claims for alleged violations of his mother's constitutional rights); *McDonald v. Van Houtte*, 160 Fed. Appx. 673, 674-675, 2005 WL 3307432 *1 (10th Cir. Dec. 7, 2005) (husband lacked standing to assert § 1983 claims for wife).

## DISCUSSION

### I. Defendant Newport's Motion to Dismiss

Plaintiff makes two claims against Defendant Newport. In Count I, he alleges that Defendant Newport violated his right to due process on April 3, 2009, after he voluntarily agreed to an interview with Newport and Defendant OSBI agent Dannie Sanders. Complaint, Doc. No. 1, p. 6. He claims that during the interview he asked Defendant Sanders to stop, but Defendants Newport and Sanders "pressured and coerced" him to go on; he also claims that they ignored his request for an attorney. *Id.*

4

In Count II, Plaintiff alleges that in August and September of 2009, Defendant Newport attempted to introduce falsified SCRAM[4] readings; he claims this was done maliciously in an effort to persuade the trial court to revoke his bond. Complaint, Doc. No. 1, p. 6, 9. Defendant Newport moves to dismiss on several grounds, three of which the Court finds to be dispositive.

### A. Eleventh Amendment Immunity

First, to the extent Plaintiff is suing Defendant Newport in her official capacity,[5] she claims immunity under the Eleventh Amendment. *See* Newport's Motion to Dismiss, 2 n. 2. The undersigned agrees. The Supreme Court has interpreted the Eleventh Amendment to mean "States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Muscogee (Creek) Nation v. Oklahoma Tax Com'n,* 611 F.3d 1222, 1227 (10th Cir. 2010) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Moreover, suits against state officials acting in their official capacities fall within the amendment's proscription because "a suit against a state official in his or her official capacity ... is no different than a suit against the State itself." *Muscogee (Creek) Nation,* 611 F.3d at 1227 (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, it is recommended that all of Plaintiff's claims against Defendant Newport in her official capacity be dismissed without

---

[4] A "secure continuous remote alcohol monitor" is an anklet that samples an offender's perspiration every 30 minutes. See, e.g. http://www.alcoholmonitoring.com/index (accessed Nov. 28, 2012).

[5] Plaintiff has clarified that he is suing all Defendants in both their personal and official capacities. Doc. No. 8.

prejudice.

**B.** ***Rooker-Feldman, Heck, and Accrual of Malicious Prosecution Claims***

Second, Newport argues that this Court lacks jurisdiction over Plaintiff's § 1983 claims for declaratory and/or injunctive relief with regard to his criminal conviction under the *Rooker-Feldman* doctrine. Newport's Motion to Dismiss, 8; s*ee Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir.2007); *accord Erlandson v. Northglenn Municipal Court*, 528 F.3d 785, 788 (10th Cir. 2008).  Plaintiff states in his request for relief that he is seeking "total reversal of all convictions and sentencing," and thus his challenge is barred by *Rooker-Feldman*. Complaint, Doc. No. 1, p. 10.

Even if Plaintiff were to attempt to avoid the *Rooker-Feldman* bar by amending his complaint to delete his request for review and reversal of his conviction, leaving only his claim for "the maximum monetary amount allowed by law," his claims against Newport would still be subject to dismissal under the *Heck* doctrine. When a § 1983 claim is based on an allegedly unconstitutional harm that, if determined to be unlawful, would render a conviction or sentence invalid, accrual is delayed until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Finally, even if Plaintiff's claims were not barred by Rooker-Feldman or premature under *Heck,* the statute of limitations for a § 1983 malicious prosecution

claim accrues when the criminal proceeding is terminated in favor of the accused. *McCarty v. Gilchrist*, 646 F.3d 1281 (10th Cir. 2001); *Mondragón v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008). Favorable termination means the dismissal of all charges against the defendant or the reversal of an outstanding criminal conviction; neither has occurred here. *Compare id.* (equating favorable termination with the dismissal of charges) *with Smith v. Gonzales*, 222 F.3d 1220, 1222–23 (10th Cir. 2000) (equating favorable termination with the reversal of an outstanding criminal conviction). Accordingly, the undersigned finds that Plaintiff's claim against Defendant Newport for malicious prosecution is either jurisdictionally barred by the *Rooker-Feldman* doctrine or is premature under both *Heck* and the general rule regarding the accrual of malicious prosecution claims. It is therefore recommended that Plaintiff's individual capacity claims against Defendant Newport in Count I be dismissed without prejudice.

### C.  Statute of Limitations

Finally, Newport argues that Plaintiff's claims in Count II[6] were brought outside the applicable statute of limitations. Newport's Motion to Dismiss, 6-7. Plaintiff commenced this case on November 14, 2011. Doc. No. 1, p. 1. The statute of limitations for a § 1983 claim is the same as that applicable to personal injury actions in the forum state, *Wallace v. Kato*, 549 U.S. 384, 387 (2007), and Oklahoma's statute of limitations for personal injury claims is two years.  Okla. Stat. tit. 12, § 95.3.

Even though state law determines the limitations period, federal law determines

---

[6] Defendant Newport argued that all of Plaintiff's claims are barred by the statute of limitations; however, as discussed above, the Court either lacks jurisdiction over Plaintiff's claims in Count I or they are premature.

when a § 1983 claim accrues. *Wallace*, 549 U.S. at 388. "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (quoting *Singleton v. N.Y.C.*, 632 F.2d 185, 191 (2nd Cir. 1980) (internal quotations omitted)).

In Count II, Plaintiff alleges that in August 2009 and September 2009, Defendant Newport attempted to get his bond revoked by offering falsified SCRAM readings to the trial court. Complaint, Doc. No. 1, p. 9. Taking the allegations in the complaint as true, Plaintiff obviously knew or had reason to know of this alleged injury no later than the unsuccessful attempt to revoke his bond on the basis of the SCRAM results. The docket sheet for the criminal case referenced by Plaintiff in his complaint are consistent with his allegations as to when Defendant Newport allegedly falsified evidence; a motion to revoke was filed on September 2, 2009, and denied on September 23, 2009. On Demand Court Records, Electronic Docket Report for Case No. CF-2009-51, p. 4, District Court of Caddo County. This places Plaintiff's claims against Defendant Newport in Count II outside of the two-year limitations period. Accordingly, it is recommended that Plaintiff's individual capacity claims against Defendant Newport in Count II be dismissed with prejudice.

In light of the foregoing, it is recommended that the motion to dismiss of Defendant Newport be granted. Any claims against Defendant Newport in her official capacity in Counts I and II, as well as Plaintiff's individual capacity claim in Count I, should be dismissed without prejudice. Plaintiff's claims against Defendant Newport in

her individual capacity in Count II should be dismissed with prejudice as untimely.

## II. Motion To Dismiss Of Defendants Van Dyck, Stephens, Burns, Biggs, Brown, and Sanders.

Plaintiff makes the following allegations against the movants. In Count I, he alleges that Defendant Sanders refused Plaintiff's request to stop an interview for which he had volunteered and ignored his request for counsel. Complaint, Doc. 1, p. 6. Also in Count I, he alleges that Defendant Van Dyck would not allow him to withdraw his guilty plea (thus sentencing him "with no preliminary hearing, no trial, no jury"). He generally claims in Count I that his "case should have been transferred to another district with a different District Attorney's office and different judge due to the conflict of interest of my work in the same court..." Complaint, Doc. 1, p. 7.

In Count II, he alleges that Defendant Van Dyck vowed "to make an example" out of him on April 7, 2009, that Defendant Stephens "threw out" Defendant Biggs' first attempt to prosecute his wife (but does not explain how Plaintiff was harmed by this). He also alleges that Defendant Biggs attempted to offer falsified evidence provided by Defendants Newport and Sanders in the criminal case against Plaintiff's wife. Complaint, Doc. 1, p. 6. He adds that Defendant Sanders also attempted with Defendant Newport to have Plaintiff's bond revoked on the basis of falsified SCRAM results. Complaint, Doc. 1, p. 9. He generally complains that he did not receive a fair trial because he was paraded like a circus animal before the media, and that the prosecution was politically motivated by "powerful people." *Id.* In Count III, he generally alleges that he should not have been tried in District 6 because he and his family could not possibly receive a fair trial. Complaint, Doc. 1, p. 8. Plaintiff alleges in

the "nature of the case" that he was employed by Southwest Youth and Family, Inc., which was under contract with Caddo County to operate the county's drug court treatment program. Complaint, Doc. 1, p. 4. However, he does not explain how this created a "conflict of interest." Plaintiff makes no allegation of any kind against Defendant Brown, and the only allegation arguably made against Defendant Burns is in the "nature of the case" wherein Plaintiff states that he has been "villified [sic] by a merciless D.A. office led by Bret T. Burns...." Complaint, Doc. 1, p. 5.  Defendants Van Dyck, Stephens, Biggs, Burns, Brown, and Sanders ("Defendants' Motion to Dismiss") move to dismiss Plaintiff's claims against them on several grounds.

## A.  Eleventh Amendment Immunity

As did Defendant Newport, these Defendants contend that any claims against them in their official capacities are barred by the Eleventh Amendment. Defendants' Motion to Dismiss, 15. For the same reasons discussed above, the undersigned finds that any official capacity claims against Defendants Van Dyck, Stephens, Biggs, Burns, Brown and Sanders should be dismissed without prejudice pursuant to the Eleventh Amendment.

## B.  Section 1983 Claim Barred by *Preiser* and *Heck*

Defendants next argue that Plaintiff cannot seek what is in effect a challenge to his criminal conviction in a civil rights case under § 1983. In a related argument, they contend that Plaintiff's claims are barred by the rule in *Heck.* Defendants' Motion to Dismiss, 6-8.  The undersigned finds these points well taken.

As noted above, part of the relief Plaintiff seeks is "total reversal of all

convictions and sentencing for my wife and I." Complaint, Doc. 1, p. 10. In *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), the Supreme Court noted that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Accordingly, Plaintiff cannot seek reversal of his criminal conviction in this § 1983 action.

Even if Plaintiff were to amend his complaint to delete his request for review and reversal of his conviction, his claims would be subject to dismissal under the *Heck* doctrine. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (when § 1983 claim is based on allegedly unconstitutional harm that if determined to be unlawful would render a conviction or sentence invalid accrual is delayed until the conviction or sentence has been invalidated). The undersigned finds that a liberal construction of Plaintiff's allegations, if proved, would necessarily imply the invalidity of his conviction. Thus, any claim for damages is premature under *Heck.*

## C. Absolute Judicial Immunity

Defendants Van Dyck and Stephens move for dismissal on grounds of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority...."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). The

determination as to whether a judge performed a "judicial" act or acted "in the clear absence of jurisdiction" is made by looking to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Plaintiff alleges that Judges Van Dyck and Stephens engaged in unconstitutional conduct while presiding over his criminal trial. Plaintiff's allegation that Judge Van Dyck vowed on April 7, 2009, to "make an example" of him coincides with the date of Plaintiff's initial appearance before the trial court. Complaint, Doc. 1, 6. Accordingly, the undersigned finds that Plaintiff's allegations against Defendants Van Dyck and Stephens are related to their performance of judicial acts and they are therefore clothed with absolute judicial immunity.

### D.  Prosecutorial Immunity

Defendants Biggs and Burns[7] argue that they are entitled to absolute immunity because Plaintiff's allegations involve actions taken by them in initiating and pursuing the criminal prosecution against him. The undersigned agrees. A prosecutor is entitled to absolute immunity concerning advocacy-related decisions in initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) ("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal

_____

[7] As noted, Plaintiff only alleges that Burns "allowed" Biggs to prosecute him. *See* Complaint, Doc. 1, p. 4-5.

prosecutions")(quotations omitted). As the Tenth Circuit Court of Appeals recognized in *Gagan*, "the determinative factor [in the immunity issue for state prosecutors] is advocacy because that is the prosecutor's main function." *Gagan*, 35 F.3d at 1475 (internal quotations and citation omitted). Plaintiff's allegations against Burns and Biggs are clearly linked to their function of initiating and pursuing the criminal case against him, and accordingly, they are entitled to absolute immunity.

### E.  Failure to Adequately Allege Personal Participation

Defendants Van Dyck, Stephens, Biggs, Burns, Brown, and Sanders also move for dismissal on grounds that Plaintiff has failed to adequately allege their personal participation. The first four Defendants possess absolute immunity to suit, so it is unnecessary to address this argument with regard to them.  Likewise, Plaintiff's claims against Defendant Sanders suffer from more fundamental flaws. However, the undersigned agrees that Plaintiff has failed to make *any* specific allegations whatsoever against Defendant Tess Brown—he simply describes her as a presentence investigator with Caddo County. To the extent he intends to include her in his sweeping criticism of the "legal community" in Caddo County, such as the so-called barbaric attack, witch-hunt, and gestapo tactics, which took place in the form of Plaintiff's criminal prosecution his claims would suffer from the same defects noted with regard to Plaintiff's claims against Defendant Sanders. Accordingly, although it is recommended that the dismissal of Defendant Brown be without prejudice, it is also recommended that it be done without leave to amend.

### F. Frivolousness

Finally, in light of the fact that Plaintiff has raised claims barred by *Prieser* and *Heck,* has sued Defendants who possess absolute immunity, and has sought damages against them in their official capacity despite the State's entitlement to Eleventh Amendment immunity, Defendants ask that Plaintiff's action be dismissed as frivolous under the Prison Litigation Reform Act. Defendants' Motion to Dismiss, 24. Although Plaintiff is not appearing *in forma pauperis* (IFP) herein, Defendants apparently want this suit dismissed as frivolous so that a "strike" may be assigned under the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [IFP] *if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous*, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(emphasis added). The undersigned finds Plaintiff's attempt to sue defendants that clearly have absolute immunity, such as Defendants Van Dyck, Stephens, Biggs, and Burns, to be frivolous. Although the application of *Rooker-Feldman*, *Prieser*, and *Heck*, has resulted in a recommendation that some claims against non-immune Defendants be dismissed without prejudice, the undersigned also finds those to be frivolous at worst and, at best, that they fail to state a claim upon which relief can be granted. *See Day v. Maynard,* 200 F.3d 665, 667 (10th Cir. 1999). Accordingly, the undersigned further recommends that any order adopting this Report and Recommendation include the assignment of a strike to Plaintiff for purposes of 28

14

U.S.C. § 1915(g).

In conclusion, the undersigned recommends that Plaintiff's individual capacity claims against Defendants Van Dyck, Stephens, Biggs, and Burns be dismissed with prejudice on grounds of absolute immunity. Plaintiff's individual capacity claims against Defendant Sanders in Count I should be dismissed without prejudice under *Rooker-Feldman, Prieser, and Heck.* Plaintiff's unspecified claim against Defendant Brown should be dismissed without prejudice and without leave to amend. Plaintiff's official capacity claims against Defendants Van Dyck, Stephens, Biggs, Burns, Brown, and Sanders should be dismissed without prejudice under the Eleventh Amendment.

### III.  Plaintiff's Motion for Summary Judgment

It is hereby recommended that Plaintiff's motion for summary judgment [Doc. No. 60] be **DENIED**. The motion is not in the form required by Local Civil Rule 56.1(b), and is actually about the alleged failure of Defendants Sanders and Compton to timely respond to the Complaint. However, Sanders motion to dismiss was timely, and Defendant Compton was voluntarily dismissed by Plaintiff after the motion for "summary judgment" was filed.

### IV.  Non-Dispositive Pending Motions

As noted at the beginning of this Report and Recommendation, Plaintiff's "motions to supplement" his responses to the pending motions, [Doc. Nos. 75, 84] are hereby **GRANTED** and the material therein has been considered by the undersigned. Plaintiff's motion for appointment of counsel [Doc. No. 83] is hereby **DENIED** without prejudice to his right to re-urge the motion should this Report and Recommendation not

be adopted.  Finally, the Motion to Quash Plaintiff's Non-Party Subpoena to Assistant Attorney General Sandra Balzer [Doc. No. 74] is hereby **GRANTED** for substantially the same reasons as those set forth in the motion itself—including the lack of notice to opposing parties and the subpoena's request for confidential litigation files.

### RECOMMENDATION

For the following reasons, it is recommended that the two pending motions to dismiss [Doc. Nos. 27, 44] be **GRANTED** as more fully set forth herein, and that Plaintiff's motion for summary judgment [Doc. No. 60] be **DENIED.** Plaintiff's motions to supplement [Doc. Nos. 75, 84] and the motion to quash the subpoena directed to Assistant Attorney General Balzer [Doc. No. 74] are hereby **GRANTED**, and Plaintiff's motion for appointment of counsel [Doc. No. 83] is hereby **DENIED.**  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 17, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation serves as a waiver of his right to appellate review of both factual and legal questions contained herein.  *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on November 30, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE