## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH R. HEDDLESTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-11-1352-F |
| | ) |
| JUDGE RICHARD G. VAN DYCK, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

On November 30, 2012, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation, wherein he recommended that defendants' motions to dismiss be granted and plaintiff's motion for summary judgment be denied. Magistrate Judge Erwin also recommended that to the extent plaintiff seeks relief on behalf of his wife, those claims should be dismissed without prejudice for lack of standing. Further, Magistrate Judge Erwin recommended that any order adopting the Report and Recommendation should include the assignment of a strike to plaintiff for purposes of 28 U.S.C. § 1915(g).

Presently before the court is plaintiff's timely objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. Having done so, the court concurs with the analysis and recommendation of Magistrate Judge Erwin. The court adopts the Report and Recommendation in its entirety.

Contemporaneous with his objection, plaintiff has submitted a request to file a first amended complaint. Although the court is mindful that leave to amend should

be freely given "when justice so requires," *see*, Rule 15(a)(2), Fed. R. Civ. P., the court finds that plaintiff has failed to present any basis for the court to grant such leave. There is no statement in the request as to how plaintiff intends to amend his complaint or how any amendment would cure the deficiencies of his complaint against defendants. The court therefore concludes that plaintiff's request to file a first amended complaint should be denied.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin, filed November 30, 2012 (doc. no. 85), is **ADOPTED**. The motions to dismiss (doc. nos. 27 and 44) of defendants, Nita Newport, Judge Richard G. Van Dyck, Scott Biggs, Bret Burns, Tess Brown, Dannie Sanders and Judge David Stephens, are **GRANTED**. The motion for summary judgment (doc. no. 60) of plaintiff, Kenneth R. Heddlesten, is **DENIED**. The Request for 30 Days to Submit a First Amended Petition (doc. no. 89) is **DENIED**.

Plaintiff's individual capacity claims against defendants Van Dyck, Stephens, Biggs and Burns are dismissed with prejudice on grounds of absolute immunity. Plaintiff's individual capacity claims against defendants Newport and Sanders in Count I are dismissed without prejudice under Rooker-Feldman,[1] Preiser[2] and Heck[3] and plaintiff's individual capacity claim against defendant Newport in Count II is dismissed with prejudice as untimely. Plaintiff's unspecified claim against defendant Brown is dismissed without prejudice and without leave to amend. Plaintiff's official capacity claims against defendants Van Dyck, Stephens, Biggs, Burns, Brown,

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

[3] Heck v. Humphrey, 512 U.S. 477 (1994).

Sanders and Newport are dismissed without prejudice under the Eleventh Amendment. To the extent plaintiff seeks relief on behalf of his wife, such claims are dismissed without prejudice for lack of standing.

The dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g).

DATED December 20, 2012.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

11-1352p002.wpd